MAILO, Plaintiff

v.

FANENE, Defendant

No. 3-1907

High Court of American Samoa

Civil Jurisdiction, Trial Division

Date unknown

W. G. BRIGGS, *Senior Member of Court;* J. L. DWYER, *Associate Member;* and MAUGA, *Associate Member*

DECISION

The case at bar has arisen out of a quarrel between Mailo, the plaintiff, and Fanene Pi, the defendant, which occurred about five years ago—shortly after the death of Fanene Aitonu, the immediate predecessor of the present Fanene. Prior to the accession of the present Fanene to that name, the families of Mailo and Fanene dwelt in harmony, and it is admitted that Mailo occupied the superior station and Fanene the inferior station.

 Fanene acknowledged that the name Fanene is a "nofofanau" of the name Mailo. The Court has found it impossible to arrive at an accurate definition of the Samoan word "nofofanau" but it unquestionably indicates a certain degree of dependence.

According to the testimony produced by the plaintiff, the ancestors of the defendant were given the use of the land in controversy by the ancestors of plaintiff. The tenure held by the defendant's ancestors was of that quasifeudal nature, which, in the early days was determined at the pleasure of the ruling chief.

The Court is satisfied that at the inception, the ancestors of Fanene secured this land from Mailo as a place to live on or to cultivate the fruits of the earth, and as time went

192

on, the family of Mailo and that of Fanene being on friendly terms, no objection was raised by Mailo to the continued use and occupation of this land by Fanene as long as the relations between the two families were harmonious. After the quarrel between the present Fanene and Mailo, the present Fanene attempted to assert his supposed rights in this land by surveying a portion of same and executing a deed to one Siomia.

■ The Court therefore, holds, that the Mailo family, under the control of the name "Mailo" are the owners of the land in dispute. Fanene, as a member of the Mailo division or family, has been appointed to the use of this land, and it cannot be disposed of by Mailo without the consent of Fanene, nor can Fanene dispose of it without the acquiescense of Mailo. In case it ever transpires that Fanene has abandoned this land, the land will revert to Mailo, who as trustee for the family, may apportion it out to other members of his family. Fanene's rights to this land have accrued to him because of the long period of use and occupation of this land by the family of Fanene.

The costs will be assessed by the Clerk of the Court— one half to be paid by Fanene and one half by Mailo.